IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD A. GWALTNEY,            )
                                )
        Plaintiff,               )
                                )
        v.                       )         1:16CV150
                                )
NC DEPARTMENT OF COMMERCE,       )
DIVISION OF EMPLOYMENT           )
SECURITY                         )
                                )
        Defendant.               )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal for lack of subject matter jurisdiction.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, inter alia, that "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, the Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256–57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

The Court may consider subject matter jurisdiction as part of the frivolity review. Overstreet v. Colvin, No. 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (unpublished) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (observing that, "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")). "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred

2

by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction bears the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction," Overstreet, 2014 WL 353684, at *3, and the Court must dismiss the action if it determines that subject matter jurisdiction does not exist, Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

The Complaint alleges that Plaintiff resides in Kannapolis, North Carolina, and Defendant is located in Raleigh, North Carolina. (Docket Entry 2 at 1.)[1] Because Plaintiff and Defendant are both residents of North Carolina, subject matter jurisdiction cannot rest on diversity. See 28 U.S.C. § 1332(a); see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v.

---

[1] The Complaint identifies Defendant variously as "Appeal Clerk - Level 2 Board of Review NC Department of Commerce" and "NC Department of Commerce, Division of Employment Security." (Docket Entry 2 at 1.)

3

Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina.").

Moreover, Plaintiff's Complaint does not assert any claims under the United States Constitution, federal law, or federal treaties, as required for federal question jurisdiction, 28 U.S.C. § 1331. Instead, the Complaint attempts to challenge the denial of Plaintiff's claim, and dismissal of his subsequent appeal, for unemployment benefits. (See Docket Entry 2 at 2 ("The Decision of N.C. Commerce, M. Bass w[as] not accurate. [Plaintiff] filed appeal notification on 02.15.15, timely. [Plaintiff] was denied benefits for unemployment on the wrong facts presented by Barefoot Oil of Concord Lawyer[s]."); see also Docket Entry 2-1 at 1-2 ("Appeals Decision" in which "M. Bass, Appeals Referee," concluded that Plaintiff did not timely appeal the "Adjudicator['s] . . . holding . . . [that Plaintiff was] disqualified to receive unemployment benefits")).[2] To the extent Plaintiff requests that

---

[2] The Complaint alleges jurisdiction under the "US Fair Labor Act." (Docket Entry 2 at 1.) Plaintiff thus appears to rely on the Fair Labor Standards Act of 1938, codified as amended at 29 U.S.C. §§ 201-219 (the "FLSA"), for jurisdiction. The Complaint, however, does not assert a FLSA claim and provides no factual details or allegations to support a FLSA claim. (See Docket Entry 2 at 1-4.) In particular, Plaintiff does not allege that he ever worked for Defendant or that Defendant violated any of the FLSA's provisions. (See id.) Because the Complaint fails to allege a

4

the Court review the merits of the decision denying his claim for unemployment benefits and/or his subsequent appeal of that denial, the Court lacks subject matter jurisdiction over those requests under the Rooker-Feldman doctrine. See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482–88 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); see also Rodriguez v. Doe, 549 F. App'x 141, 144 (4th Cir. 2013) (explaining that the Rooker-Feldman doctrine bars lower federal courts from reviewing a state appellate court decision affirming the denial of a plaintiff's unemployment benefits); Mitchell v. North Carolina Div. of Emp't Sec., 76 F. Supp. 3d 620, 625 (E.D.N.C. 2014) (holding that, "[t]o the extent that [the plaintiff] asks this court to review the merits of the decision denying his request for unemployment benefits compensation and to award him unemployment benefits, the court lacks subject-matter jurisdiction over such a request"). Instead, Plaintiff must appeal the decision denying his request for unemployment benefits to the North Carolina Superior Court, see N.C. Gen. Stat. § 96-15(h), (i), and the decision dismissing his appeal to the Appeals Clerk, Division of Employment Security, see (Docket Entry 2-1 at 2 (notifying Plaintiff that he may appeal the Appeals Decision to the "Appeals Clerk[,] Division of Employment Security")).

---

violation of federal law, it does not confer federal question jurisdiction upon this Court.

## **CONCLUSION**

The Complaint fails to establish subject matter jurisdiction and the obviousness of this defect renders this action legally frivolous in this Court.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

                                    /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                        **United States Magistrate Judge**

March 9, 2016

---

[3] Plaintiff previously filed a similar action in this Court. See Gwaltney v. Unemployment NCESU, No. 1:15CV770, Docket Entry 2 at 3 (M.D.N.C. Sept. 21, 2015) (seeking review of "unemployment denied by NCESC"). The Court dismissed that action for lack of subject matter jurisdiction. Gwaltney v. Unemployment NCESU, No. 1:15CV770, 2015 WL 5774779, at *2 (M.D.N.C. Sept. 30, 2015) (unpublished), recommendation adopted, slip op. (M.D.N.C. Oct. 23, 2015).